CHRISTENSEN JAMES & MARTIN
KEVIN B. CHRISTENSEN, ESQ.
Nevada Bar No. 000175
Email: kbc@cjmlv.com
WESLEY J. SMITH, ESQ.
Nevada Bar No. 011871
Email: wes@cjmlv.com
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Facsimile: (702) 255-0871
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

* * * * *

THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE FUND, by and through its fiduciary Morty Miller; SOUTHERN NEVADA CULINARY AND BARTENDERS PENSION TRUST, by and through its fiduciary Kim Gould; CULINARY & BARTENDERS HOUSING PARTNERSHIP TRUST, by and through its fiduciary Nevada Partners, Inc.,

Plaintiffs,

vs.

LAS VEGAS CLUB HOTEL & CASINO, LLC, a Nevada limited liability company; WESTERN HOTEL & CASINO, LLC, a Nevada limited liability company; PLAYLV GAMING INVESTMENTS, LLC, a Nevada limited liability company,

Defendants.

CASE NO.: 2:11-cv-1176 KJD-LRL

**JUDGMENT BY CONFESSION**

Date: N/A
Time: N/A

Pursuant to the express Stipulation for Entry of Judgment by Confession ("Stipulation") between the parties hereto, it is hereby ORDERED, ADJUDGED AND DECREED that:

1. The Hotel Employees and Restaurant Employees International Union Welfare Fund, Southern Nevada Culinary and Bartenders Pension Trust Fund and Culinary & Bartenders Housing Partnership Trust ("Plaintiffs" or "Trusts") shall take Judgment by Confession ("Judgment") against the Defendants, Las Vegas Club Hotel & Casino, LLC ("LVC"), Western

Hotel & Casino, LLC ("Western") and PlayLV Gaming Investments, LLC ("PlayLV") (collectively hereinafter "Defendants") for the sum of Three Hundred Three Thousand One Hundred Fifty-Four and 20/100 Dollars ($303,154.20) ("Judgment Amount"), which sum includes unpaid contributions, pre-judgment interest, liquidated damages and attorney's fees. Interest shall accrue on the Judgment amount at the rate of seven percent (7%) per annum.

2. The Judgment Amount shall be paid to Plaintiffs as third party beneficiaries under the terms of written collective bargaining agreements between LVC and Western and Culinary Workers Union, Local 226 and Bartenders Union, Local 165. This Judgment includes settlement of all known claims by Plaintiffs for fringe benefit contributions for the period commencing with the May 2010 work month and ending with the August 2010 work month (inclusive), plus interest, liquidated damages and attorney's fees accrued through September 30, 2010. This Judgment is not intended to, and it does not, resolve claims that are as yet unknown to the Trusts, including any claims that may later be revealed by audit. The Trusts specifically reserves all audit rights.

3. The entire Judgment Amount including interest on the declining Judgment balance and any after-accruing amounts, shall be paid by Defendants to Plaintiffs according to the terms of two (2) concurrent payment plans, as follows:

A. LVC Payment Plan: The sum of $213,997.67 ("LVC Delinquency"), including interest on the declining Judgment balance and any after-accruing amounts, shall be paid through twelve (12) consecutive monthly installments due on or before the twenty-fifth (25th) day of each month, commencing on October 25, 2010.

i. Defendants shall remit payments One (1) through Eleven (11) in the amount of $18,516.52 each, commencing on or before October 25, 2010 and on the twenty-fifth (25th) day of each month thereafter, each Trust to be paid by separate check, made payable as follows:

Check A - HEREIU Welfare Fund - $15,447.02;

Check B - Southern Nevada Culinary & Bartenders Pension Trust - $2,999.30;

and

Check C - Culinary and Bartenders Housing Partnership Trust - $70.20.

ii. Defendants shall remit payment Twelve (12) in the amount of $18,516.55 on or before September 25, 2011, each Trust to be paid by separate check, made payable as follows:

Check A - HEREIU Welfare Fund - $15,447.04;

Check B - Southern Nevada Culinary & Bartenders Pension Trust - $2,999.31; and

Check C - Culinary and Bartenders Housing Partnership Trust - $70.20.

Subject only to the Defendants' right to cure under paragraph 8, the final payment of all unpaid portions of the LVC Delinquency, in the scheduled amount of $18,516.55 (which includes interest scheduled to accrue), shall be further increased to include after-accruing attorney's fees incurred by Plaintiffs relating to this Judgment and/or collection of the amounts referenced herein, and shall be paid by Defendants to Plaintiffs on or before September 25, 2011 ("LVC Payment Plan").

B. <u>Western Payment Plan</u>: The sum of $89,156.53 ("Western Delinquency"), including interest on the declining Judgment balance and any after-accruing amounts, shall be paid through twelve (12) consecutive monthly installments due on or before the twenty-fifth (25th) day of each month, commencing on October 25, 2010.

i. Defendants shall remit payments One (1) through Eleven (11) in the amount of $7,714.42 each, commencing on or before October 25, 2010 and on the twenty-fifth (25th) day of each month thereafter, each Trust to be paid by separate check, made payable as follows:

Check A - HEREIU Welfare Fund - $6,471.26;

Check B - Southern Nevada Culinary & Bartenders Pension Trust - $1,215.31; and

Check C - Culinary and Bartenders Housing Partnership Trust - $27.85.

ii. Defendants shall remit payment Twelve (12) in the amount of $7,714.47 on or before September 25, 2011, each Trust to be paid by separate check, made payable as follows:

Check A - HEREIU Welfare Fund - $6,471.30;

Check B - Southern Nevada Culinary & Bartenders Pension Trust - $1,215.32; and

Check C - Culinary and Bartenders Housing Partnership Trust - $27.85.

Subject only to the Defendants' right to cure under paragraph 8, the final payment of all unpaid portions of the Western Delinquency, in the scheduled amount of $7,714.47 (which includes interest scheduled to accrue), shall be further increased to include after-accruing attorney's fees incurred by Plaintiffs relating to this Judgment and/or collection of the amounts referenced herein, and shall be paid by Defendants to Plaintiffs on or before September 25, 2011 ("Western Payment Plan").

C. Concurrently herewith, Defendant PlayLV shall execute a separate Stipulation for Entry of Judgment by Confession and separate Judgment by Confession for delinquencies owed to the Plaintiffs by Plaza Hotel & Casino, LLC ("Plaza"), wherein PlayLV shall be obligated under a Plaza Payment Plan, as that term is defined therein. The Plaza, LVC and Western Payment Plans are concurrent obligations and, subject only to Defendants' right to cure under paragraph 8, any failure to submit a payment under the terms of any Payment Plan shall be a default under the entire Judgment.

D. Defendants may combine Judgment payments due under each Payment Plan each month to common Funds, resulting in a total of three (3) checks submitted to Plaintiffs each month, one for each Fund (i.e. - all Judgment payment amounts due to the HEREIU Welfare Fund on October 25, 2010 may be combined into one check).

E. In addition to paying the Judgment Amount as required by the foregoing terms, Defendants shall timely pay all contributions that fall due while any portion of the Judgment Amount remains unpaid (i.e. - for hours worked by Defendants' covered employees

while the Judgment Amount is being paid), including any contributions falling due within forty-five (45) days of the final payment of the Judgment Amount. Defendants shall remit monthly reports to the Trusts listing hours worked by their covered employees, and shall submit checks to the Trusts to pay for said hours. The reports and checks shall be delivered to the Plaintiffs or their designee on or before the 15th day of the month following the calendar month in which the covered hours of work listed on the report were performed.

F. Upon Plaintiffs' receipt and negotiation of payment of the entire Judgment Amount this obligation will have been satisfied and upon receipt of a request therefor Plaintiffs shall deliver to Defendants a written Release and Satisfaction of Claims.

G. The following potential claims are reserved by the Trusts: (i) any claims unrelated to the Judgment Amount, accruing before or after the effective date of this Judgment, including, without limitation, claims by the Trusts for additional contributions and related damages that may be due and owing to the Trusts pursuant to the provisions of any collective bargaining agreement to which Defendants may be bound that requires the payment of contributions to the Trusts; (ii) the obligation of Defendants or any trade or business under common control of the Defendants (to the extent Defendants or any trade or business under common control with the Defendants has any obligation) to pay, and the rights of the Trusts to assess and collect, withdrawal liability pursuant to 29 USC § 1381, et. seq. (including the use of Defendants' contribution history for purposes of calculating any withdrawal liability); and (iii) any additional claims discovered by Audit for any past, present or future Audit period.

4. Defendants shall have the right at any time to prepay the entire Judgment balance owed, or any portion thereof, without incurring any prepayment penalty. However, if Defendants make early payments, the interest accruing on the declining Judgment balance (which is already included in the payment amounts required hereunder) shall not be recalculated in Defendants' favor.

5. Filing of and execution on the Stipulation and this Judgment shall be stayed through September 25, 2011, provided that payment in full shall have been made by Defendants

in accordance with the terms of this Judgment and subject to the default terms of Paragraph 8.

6. The payments toward the Judgment Amount required herein shall be made payable to "HEREIU Welfare Fund", "Southern Nevada Culinary & Bartenders Pension Trust" and "Culinary and Bartenders Housing Partnership Trust", as set forth in Paragraph 3 above, and shall be remitted to Plaintiffs' counsel, Christensen James & Martin, at 7440 W. Sahara Ave., Las Vegas, NV 89117, or at such other location as Defendants are notified in writing. Should any of Defendants' payments be returned for insufficient funds, all subsequent payments shall be made using cashier's checks or money orders.

7. Defendants shall forthwith execute and submit the following documents to Plaintiffs' attorney:

A. The Stipulation and this Judgment; and

B. The Stipulation for Entry of Judgment by Confession and Judgment by Confession for Plaza Hotel & Casino, LLC.

8. Should Defendants fail to satisfy any of the conditions in Paragraphs 2, 3, 6, 7 or 8, a written Notice of Default shall immediately be delivered to Play Las Vegas, Attn. Joanne Stinziano, 1 Main Street, Las Vegas, NV 89101. If Defendants thereafter fail to make the required payment(s) or otherwise fail to comply with the conditions of such paragraphs within ten (10) days of the date of such Notice, Plaintiffs shall have the unconditional and immediate right to file the Stipulations and Judgments with the United States District Court, and may execute upon the same for whatever amount then remains due and owing, including after-accruing attorney's fees, without further notice to Defendants or Order from the Court.

9. Plaintiffs' Release and Satisfaction of Claims in favor of Defendants shall not be executed nor delivered until all of Defendants' obligations under this Judgment have been fully performed.

///

///

///

10. Defendants have consulted the attorney(s) of their choice and fully understand the obligations and consequences of this Judgment.

DATED and done this 21 day of July, 2011.

UNITED STATES DISTRICT COURT JUDGE

Approved and Submitted by:

CHRISTENSEN JAMES & MARTIN

By: ______________________
Wesley J. Smith, Esq.
*Attorneys for Plaintiffs*

Dated: October 25, 2010

Approved as to Form and Content:

BRAUNSTEIN TURKISH, LLP

By: ______________________
Harry Braunstein, Esq.
*Attorneys for Defendants*

PLAYLV GAMING INVESTMENTS, LLC, LAS VEGAS CLUB HOTEL & CASINO, LLC and WESTERN HOTEL & CASINO, LLC

By: ______________________
Tony Santo its President

Dated: October 25, 2010

OATH AND VERIFICATION

STATE OF NEVADA )
: ss.
COUNTY OF CLARK )

Tony Santo, as President of PlayLV Gaming Investments, LLC, Las Vegas Club Hotel & Casino, LLC and Western Hotel & Casino, LLC, being first duly sworn upon oath, now verifies and declares that:

1. Entry of this Judgment by Confession, according to its provisions, is duly authorized; and

2. The monies due and owing and the basis for said Judgment are accurately set forth in the Stipulation and this Judgment.

Further you affiant sayeth naught.

[signature]
as President of PlayLV Gaming Investments, LLC, Las Vegas Club Hotel & Casino, LLC and Western Hotel & Casino, LLC

Subscribed and Sworn before me
this 25th day of October, 2010.

[signature]
Notary Public

... F. GANTT
Notary Public State of Nevada
No. 08-5715-1
My appt. exp. Jan. 23, 2012